NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0228n.06

No. 10-3820

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Feb 27, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| KEVIN ESLINGER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| COMMISSIONER OF | ) | THE NORTHERN DISTRICT OF |
| SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

Before: COOK, MCKEAGUE, and ROTH, Circuit Judges.[*]

JANE ROTH, Circuit Judge.

Kevin N. Eslinger appeals the judgment of the District Court for the Northern District of Ohio affirming the denial of disability insurance benefits. For the following reasons, we affirm the judgment of the District Court.

I.     Background

Eslinger applied for Social Security Disability Insurance and Supplemental Security Income benefits, alleging that he became disabled on January 1, 2001, subsequently amended to January 26, 2004, due to anxiety, depression, and physical injuries.

Eslinger visited numerous doctors for evaluation and treatment over the years. From April through August 2005, Eslinger received cognitive therapy with psychologist Meryl A. Orlando, Ph.D. When asked in a questionnaire about Eslinger's daily activities

_____

[*] The Honorable Jane R. Roth, United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

to "describe and give examples of anything that might prevent work activities for a usual work day or work week," Dr. Orlando responded: "Low stress tolerance. At times, would call off for 'mental health' days." Over the course of several years, Eslinger was treated primarily for physical ailments by his family practice physician Rex W. Dinsmore, M.D. In February 2007, Dr. Dinsmore completed a questionnaire indicating that Eslinger's mental ability to perform work-related activities was "fair" or "poor or none" and opined that Eslinger's impairments would cause him to miss work more than three times per month. From March 2006 through March 2008, Eslinger received therapy from psychologist Frank Gorbett, Ph.D., who similarly classified Eslinger's mental abilities to perform work activities as "fair" or "poor or none" and indicated that his impairments would cause him to miss work more than three times per month.

Eslinger's claims were denied initially and upon reconsideration. On May 14, 2008, a hearing was held before an Administrative Law Judge (ALJ), who concluded that Eslinger was not disabled and denied his applications in a written decision dated June 13, 2008. At step four, the ALJ explained:

> After careful consideration of the entire record, I find that Mr. Eslinger has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with restrictions. Specifically, Mr. Eslinger can lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently; sit for six hours of an eight-hour day, and stand and/or walk for six hours of an eight-hour day. Mr. Eslinger is limited to simple, routine work with no high production quotas or piece work. He cannot perform work with more than superficial interaction with co-workers and the public, e.g. without negotiation or confrontation. Mr. Eslinger cannot work at unprotected heights. Mr. Eslinger can occasionally stoop and climb ramps or stairs.

In reaching his conclusion, the ALJ assigned "full weight" to the opinions of Dr. Orlando, "little weight" to those of Dr. Dinsmore, and "less weight" to those of Dr. Gorbett. On February 26, 2009, the Appeals Council declined to review the ALJ's decision, and thus the ALJ's decision became the final decision of the Social Security Administration (SSA). *See* 20 C.F.R. §§ 404.955 and 404.981.

On April 21, 2009, Eslinger filed a complaint in the United States District Court for the Northern District of Ohio, seeking review of his disability benefits determination. On April 22, 2010, the Magistrate Judge issued a Report and Recommendation that suggested reversing and remanding for another hearing "for consideration of the vocational effect of plaintiff's restriction to jobs allowing for absences of more than three days each month." In reaching that recommendation, the Magistrate Judge explained that "the ALJ was not supported by substantial evidence when he disregarded the consistent and uncontradicted medical opinions that Eslinger could not sustain work activity and this would result in absences of more than three days a month."

On May 21, 2010, in a two-page Memorandum Opinion and Order, the District Court sustained the SSA's objection to the Report and Recommendation, finding that "a fair reading of Dr. Orlando's report does not suggest the interpretation provided by the Magistrate Judge, namely that Plaintiff would miss work at least three times per month." Accordingly, the District Court entered judgment in favor of the SSA.

Eslinger appealed.

## II.     Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. §§ 405(g) and 1383(c)(3).

We review *de novo* the District Court's decision in a social security case. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Our review is limited, however, to determining whether the ALJ's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence means "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Even when substantial evidence supports the ALJ's decision, we must remand if the ALJ failed to follow the SSA's procedural regulations. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-45 (6th Cir. 2004).

## III.    Discussion

Eslinger contends that the ALJ erred by assigning him a residual functional capacity that failed to account for a sustainability limitation based on "mental health" days, despite assigning "full weight" to Dr. Orlando's opinions. Eslinger also argues that the ALJ improperly applied the treating physician rule with respect to Dr. Orlando.

A five-step analysis applies to determine whether a claimant meets the statutory standard for disability. 20 C.F.R. § 404.1520(a). The ALJ assesses the claimant's residual functional capacity to determine whether the claimant can perform his past relevant work (step four) and whether the claimant can adjust to other work (step five).

20 C.F.R. § 404.1520(a)(4)(iv)-(v). In formulating a residual functional capacity, the ALJ evaluates all relevant medical and other evidence and considers what weight to assign to treating, consultative, and examining physicians' opinions. 20 C.F.R. § 404.1545(a)(3).

According to the treating physician rule, the opinion of a treating physician is entitled to controlling weight as long as it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); *see Rogers*, 486 F.3d at 242 (explaining treating physician rule).

Dr. Orlando is a treating physician because she "has, or has had, an ongoing treatment relationship" with Eslinger. *See* 20 C.F.R. § 404.1502 (defining "treating source"). In explaining the residual functional capacity determination, the ALJ stated: "Dr. Orlando's opinions are consistent with the evidence and are given full weight." In reaching that finding, the ALJ reiterated many of Dr. Orlando's questionnaire responses about Eslinger's daily activities, including his abilities to care for himself, perform household chores, and withstand normal work pressures.

In that same questionnaire, when asked whether anything might prevent Eslinger's work activities for a usual work day or week, Dr. Orlando indicated that Eslinger had "low stress tolerance" and "at times" would take "mental health" days. In this appeal, Eslinger has linked that answer to the conclusions drawn by Drs. Dinsmore and Gorbett that Eslinger would miss work more than three times a month. Eslinger complains that the ALJ did not include these three monthly absences in his determination of Eslinger's

ability to sustain a light work regime with restrictions. The ALJ, however, gave "little weight" to Dr. Dinsmore's conclusions and "less weight" to Dr. Gorbett's. But, without the incorporation of these two rejected views into Dr. Orlando's opinion, there is no basis to conclude that the fact that Eslinger might at times need "mental health" days when confronted with a stressful situation, would support a finding that he would miss more than 3 days each month. Without this rejected evidence, there is no support for a conclusion that Eslinger might not be able to sustain employment with the restrictions determined by the ALJ.

From our review of Dr. Orlando's opinion, therefore, we conclude that the decision of the ALJ was supported by substantial evidence.

## IV.    Conclusion

For the foregoing reasons, we affirm the judgment of the District Court.